# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMI T., | * |
| Plaintiff, | * |
| v. | * Civil Case No.: 18-3143-RDB |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | * |
| Defendant. | * |

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). ECF 4. I have reviewed the Motion to Dismiss filed by the Social Security Administration ("SSA"), Plaintiff's Opposition, and the SSA's Reply. ECF 13, 19, 24. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, I recommend that the SSA's motion be granted and the complaint be dismissed.

## I. FACTS

In 2013 and 2014, respectively, Plaintiff protectively filed claims for Disability Insurance Benefits and Supplemental Security Income benefits. ECF No. 13-2 at 8. Her applications were denied initially and upon reconsideration. *Id.* After a hearing before an Administrative Law Judge ("ALJ"), the ALJ issued an opinion dated August 23, 2017, finding that Plaintiff was not disabled and therefore denying benefits. ECF 13-2 at 8-22. Plaintiff requested review of the ALJ's decision, and the Appeals Council denied the request for review in a Notice dated August

1, 2018 ("the notice"). ECF 13-2 at 23-26. The envelope containing the Notice was stamped through a postage meter on August 4, 2018. ECF 19-1, Exh. I. The Notice stated that Plaintiff had the right to commence a civil action within sixty days from receipt. ECF 13-2 at 24.

On September 3, 2018, Plaintiff's former counsel wrote Plaintiff a letter 1) stating that counsel was not barred to file her appeal in the United States District Court, 2) attaching a form for Plaintiff to file, and 3) asking Plaintiff to call her upon receipt. ECF 19-1, Exh. II. Plaintiff alleges that she called the Clerk's Office in the United States District Court, and was told that she had to postmark her appeal request "by October 5, preferably certified mail," to be considered timely.[1] ECF 19-1 at 10. Plaintiff mailed her appeal, via certified mail, on October 5, 2018, and it was received and docketed by the Court on October 10, 2018. ECF 1.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). While the plaintiff bears the burden of proving that a court has jurisdiction over the claim or controversy at issue, a Rule 12(b)(1) motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id*. (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Trentacosta*, 813 F.2d at 1558).

---

[1] Plaintiff does not allege the date of this telephone call, or the name of the clerk to whom she spoke.

## III. ANALYSIS

The Commissioner argues that Plaintiff's complaint fails to state a claim upon which relief can be granted, because it was not filed within the applicable statute of limitations, and Plaintiff neither requested an extension of the deadline nor made a showing that she had not received the Notice within the presumed time period under the regulations. ECF 13-1 at 3-4. Congress has authorized lawsuits seeking judicial review of decisions by the Commissioner only under certain limited conditions, including specified filing deadlines. *See Weinberger v. Salfi*, 422 U.S. 749, 763 (1975). The limitations period must therefore be strictly enforced, absent: (1) an agreement by the Commissioner to toll the deadlines; or (2) a valid basis for equitable tolling of the deadlines. *See id.*

Under the Social Security Act, any appeal must be "commenced within sixty days after the mailing to [a plaintiff] of notice of such decision or within such further time as the Commissioner . . . may allow." 42 U.S.C. § 405(g). Unless a plaintiff makes a reasonable showing that a notice was not timely received, the Commissioner presumes receipt five days after the date of the notice. *See* 20 C.F.R. §§ 404.901, 416.1401, 422.210(c). In this case, the Notice is dated August 1, 2018. However, viewing the facts in the light most favorable to the Plaintiff, the notice was mailed on August 4, 2018. Even using that later mailing date, with the five-day mailing presumption and an extra day for a federal holiday falling on a Monday, Plaintiff had to file her complaint on or before October 9, 2018. She therefore filed her complaint untimely, on October 10, 2018.

Plaintiff asks that "the Agency be compelled to declare when the notice was actually mailed," and suggests that "Plaintiff could not have received mail on a Sunday." ECF 19-1 at 3. The postage meter mark reflects that the notice was stamped on Saturday, August 4, 2018. ECF 19-1, Exh. I. Five days after that date was Thursday, August 9, 2018, not Sunday. More

3

importantly, however, Plaintiff makes no specific allegations about the date on which she received the Notice, and therefore has not made a reasonable showing that she received it outside of the presumptive five-day window.

Because Plaintiff's filing was untimely, the inquiry turns to whether a valid basis exists to equitably toll the filing deadline. Under Fourth Circuit law, "because of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action,'" *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280-81 (4th Cir. 2000) (quoting *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)), or where "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000) (quoting *Alvarez-Machain v. United States,* 107 F.3d 696, 700 (9th Cir. 1996)).

Plaintiff does not allege any deception or misleading conduct on the part of the SSA. Instead, she appears to assert the existence of "extraordinary circumstances." ECF 19-1 at 4-5. However, while there are some unfortunate factual circumstances alleged in her case, even viewing the allegations in the light most favorable to Plaintiff, she is unable to establish that "extraordinary circumstances beyond [her] control made it impossible to file the claims on time." *Harris*, 209 F.2d at 330. Plaintiff received a letter from her former counsel roughly one month before the filing deadline, attaching the form that Plaintiff needed to file to preserve her appeal, and asking Plaintiff to call her. ECF 19-1, Exh. II. Plaintiff does not specify whether or not she called her former attorney as directed. Instead of promptly filing the required form, Plaintiff next alleges that she called the Court's Clerk's Office on an unspecified date, and received incorrect information about the deadline for timely filing. ECF 19-1 at 10. Even assuming the

4

truth of that allegation, the clerk's misinformation about the deadline did not make it impossible for Plaintiff to file her complaint on time, since nothing impeded her earlier filing of the form provided to her one month earlier by her former attorney. *See Chao v. Virginia Dep't of Transportation*, 291 F.3d 276, 283 (4th Cir. 2002) ("Equitable tolling is not appropriate, however, 'where the claimant failed to exercise due diligence in preserving [her] legal rights.'") (quoting *Irwin v. Dep't of Veterans*, 498 U.S. 89, 96 (1990)). The Complaint Plaintiff eventually filed is the standard, one-page, fill-in-the-blank form used for Social Security appeals in this Court. ECF 1. Moreover, Plaintiff was not required to wait until what she believed to be the last possible date to postmark her appeal. *See Roberts v. Shalala*, 848 F. Supp. 1008, 1017 (M.D. Ga. 1994) (finding no basis for equitable tolling where a plaintiff waited 57 days after her contended receipt of the notice to file her appeal). In the absence of a diligent effort to preserve her rights, or any evidence of misconduct by the defendant, the equities do not favor tolling the statute of limitations in Plaintiff's case.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court GRANT Defendant's Motion to Dismiss, ECF 13, and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de*

*novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: May 09, 2019                          /s/
                                                                                          Stephanie A. Gallagher
                                                                                          United States Magistrate Judge